**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 25, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

IRA IZELL JONES, JR.,

Defendant-Appellant.

No. 10-8094

(D. of Wyo.)

(D.C. No. 10-CR-00066-01-D)

---

**ORDER AND JUDGMENT**[*]

---

Before **O'BRIEN**, **McKAY**, and **TYMKOVICH**, Circuit Judges.[**]

---

Ira Jones, a federal prisoner, appeals the district court's denial of his

motion to suppress evidence seized pursuant to a search warrant. He claims the

affidavit supporting the search was insufficient to establish probable cause and

argues that the seized evidence was critical to the government's case at trial. We

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

disagree and find there was sufficient basis in the affidavit to establish probable cause.

Exercising jurisdiction under 28 U.S.C. § 1291, we AFFIRM.

## I. Background

The Laramie County Sheriff's Office responded to a call from a confidential informant. The informant said that Jones threatened to kill him if a package scheduled to be delivered to the informant's home did not arrive. The informant also expressed that Jones had received shipments of crack cocaine from California in the past.

The next day, an officer contacted the informant and was told that Jones had requested to stay the night at the informant's home in order to receive a package he had arranged to be delivered to the home. Based on the informant's prior knowledge of Jones's drug-related shipments from California, and concern that this package would contain contraband, he refused Jones's request. The officer also learned the informant had seen a box of ammunition in Jones's belongings three weeks prior.

The package arrived anyway, addressed to the informant. Inside the package was a stuffed bear containing approximately 29 grams (with packaging) of suspected cocaine base. The substance tested presumptively positive for the presence of cocaine. Subsequent laboratory analysis identified the substance as cocaine base weighing 25.92 grams.

Jones was later arrested at his hotel on suspicion of drug trafficking. During the arrest, the officers noticed a strong odor of marijuana, and discovered a small bag of what appeared to be marijuana and a hotel room key. The key belonged to the room Jones was seen leaving just prior to his arrest. The officers learned Jones was the sole occupant of the room and an officer smelled a strong odor of marijuana emanating from that room.

Based on information officers had received from the informant, and the events following Jones's arrest, the Sheriff's Office prepared an affidavit and an application for a search warrant of Jones's hotel room. A search warrant was issued by a Laramie County Circuit Court Judge, authorizing the search of the hotel room and Jones's personal property located there. The warrant also authorized the seizure of "[c]ontrolled substances/contraband, [d]rug ledgers, documents, cell phones, and all information contained within, firearms, ammunition or U.S. Currency." R., Vol. 1, Doc. 39, Ex. B.

A search of the hotel room revealed a .40 caliber handgun with ten rounds of ammunition in the magazine, a black nylon holster, a box of .40 caliber ammunition containing 40 rounds, a digital scale, a green stuffed bear with its back cut open, three cellular telephones, and miscellaneous documents including three receipts for money transfers from Cheyenne to Fresno, California.

Jones was indicted on three counts. The first count charged him with conspiracy to possess with intent to distribute, and to distribute, 50 grams or more of a mixture and substance containing cocaine base, in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A). The second count charged him with possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). The final count charged him with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

Jones filed a motion to suppress evidence, challenging the sufficiency of the affidavit relied upon in determining probable cause and the scope of the search warrant, which was subsequently denied. A jury found Jones guilty of conspiracy to possess with intent to distribute, and to distribute, five grams or more, but less than 50 grams, of cocaine base, and guilty of being a convicted felon in possession of a firearm. But he was acquitted on the second count of being in possession of a firearm in furtherance of a drug trafficking crime. He was sentenced to a total of 360 months' imprisonment and eight years of supervised release.

## II. Analysis

Jones now appeals the district court's denial of his motion to suppress. On appeal, Jones argues that the affidavit in support of the search warrant was inadequate to provide the circuit court judge probable cause to issue the search

warrant because the affidavit did not contain allegations of criminal conduct in Jones's hotel room.

When confronted with an appeal of a district court's denial of a motion to suppress, "[t]he ultimate question of reasonableness under the Fourth Amendment is a legal conclusion that we review de novo." *United States v. Grimmett*, 439 F.3d 1263, 1268 (10th Cir. 2006). The Fourth Amendment provides that "no Warrants shall issue, but upon probable cause." U.S. CONST. amend IV. But we provide substantial deference to a judge's finding of probable cause and only inquire "whether, under the totality of the circumstances presented in the affidavit, the magistrate judge had a substantial basis for determining that probable cause existed." *United States v. Tuter*, 240 F.3d 1292, 1295 (10th Cir. 2001) (internal quotation marks and citation omitted). "The test is whether the facts presented in the affidavit would warrant a [person] of reasonable caution to believe that evidence of a crime will be found at the place to be searched." *United States v. Artez*, 389 F.3d 1106, 1113 (10th Cir. 2004) (quotation, citation, and emphasis omitted).

Jones argues that the affidavit failed to establish a nexus between his alleged possession and distribution of drugs and the hotel room. His argument is not persuasive. As the district court noted, the informant's statements regarding the delivery of drugs from California to Wyoming were sufficiently corroborated by the fact that a drug package was in fact delivered to the informant's residence,

just as promised. Armed with this knowledge, officers arrested Jones on suspicion of drug trafficking. Prior to the arrest, the officers witnessed Jones leaving the hotel room. During the arrest, they found him in possession of a hotel key to the room he had just left. More so, they not only detected an odor of marijuana from him, but also found him in possession of a small bag of marijuana. Another officer detected a strong odor of marijuana from Jones's hotel room. Along with the informant's prior statements of Jones's drug trafficking activities, these facts provided a substantial basis that probable cause existed to believe a search of the hotel room would reveal contraband or evidence of criminal activity.[1]

We thus AFFIRM the district court's denial of Jones's motion to suppress.

ENTERED FOR THE COURT

Timothy M. Tymkovich
Circuit Judge

---

[1] Because we find that the search warrant was supported by probable cause, we do not address the government's good faith argument.